# EXHIBIT A

# STATE COURT DOCUMENTS

ELECTRONICALLY FILED - 2023 Mar 06 11:44 AM - LANCASTER - COMMON PLEAS - CASE#2023CP2900276

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF LANCASTER<br><br><br>Jane Doe,<br><br>                    Plaintiff,<br><br>v.<br><br>South Carolina Department of Corrections,<br><br>                    Defendant. | IN THE COURT OF COMMON PLEAS<br>SIXTH JUDICIAL CIRCUIT<br><br><br>**SUMMONS** |

TO THE DEFENDANTS ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is served upon you, and to serve a copy of your answer to this Complaint upon the subscriber at the address shown below within thirty (30) days (thirty five (35) days if served by United States Mail) after service hereof, exclusive of the date of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

                              **CROMER BABB PORTER & HICKS, LLC**

                              BY:     s/ Elizabeth M. Bowen
                                      Elizabeth M. Bowen (#103337)
                                      1418 Laurel Street, Suite A
                                      Post Office Box 11675
                                      Columbia, South Carolina 29211
                                      Phone  803-799-9530
                                      Fax    803-799-9533
                                      beth@cbphlaw.com

                                      ***Attorney for Plaintiff***

March 6, 2023
Columbia, South Carolina

ELECTRONICALLY FILED - 2023 Mar 06 11:44 AM - LANCASTER - COMMON PLEAS - CASE#2023CP2900276

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF LANCASTER<br><br><br>Jane Doe,<br><br>      Plaintiff,<br><br>v.<br><br>South Carolina Department of Corrections,<br><br>      Defendant. | IN THE COURT OF COMMON PLEAS<br>SIXTH JUDICIAL CIRCUIT<br><br><br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

## EMPLOYMENT CASE

Plaintiff, complaining of Defendant herein, respectfully alleges the following:

## PARTIES AND JURISDICTION

1. Plaintiff Jane Doe is a citizen and resident of Sumter County, South Carolina.

2. Defendant South Carolina Department of Corrections is a state agency, tasked with confiding and rehabilitating offenders in controlled facilities throughout the state of South Carolina, including Lancaster County.

3. This action arises under Title VII of the Civil Rights Act of 1964, as amended, and the common law of South Carolina.

4. The parties have substantial connections to Lancaster County, South Carolina. The events giving rise to this action occurred in Lancaster County, South Carolina. This Court can exercise subject matter jurisdiction over these claims, and jurisdiction is proper.

## FACTUAL ALLEGATIONS

5. Plaintiff began working for Defendant on or around May 25, 2020.

ELECTRONICALLY FILED - 2023 Mar 06 11:44 AM - LANCASTER - COMMON PLEAS - CASE#2023CP2900276

6. Plaintiff most recently served as a Food Supervisor IV for Defendant at Kershaw Correctional Institution in Lancaster County.

7. Plaintiff performed her job in a competent and professional manner.

8. During Plaintiff's employment, the inmate Head Clerk ("Inmate Richardson") who worked in the kitchen made inappropriate sexual comments toward Plaintiff and other female employees.

9. Plaintiff ignored and turned down Inmate Richardson's unwelcomed advances and told him to stop the inappropriate behavior.

10. On or around October 3, 2020, Inmate Richardson sexually assaulted Plaintiff in the contraband room and threatened to harm Plaintiff and her son if Plaintiff reported his conduct to Kershaw Correctional Institution's warden.

11. Plaintiff reported the sexual assault to her superiors and informed her superiors and coworkers that she feared for her safety.

12. Defendant did not address Plaintiff's concerns or reprimand Inmate Richardson.

13. On or around November 1, 2020, Inmate Richardson sexually assaulted Plaintiff again.

14. Plaintiff reported the sexual assault to her superiors and reported that she feared for her safety.

15. Defendant did not address Plaintiff's concerns, investigate, charge, or punish Inmate Richardson.

16. On or around November 7, 2020, one of Plaintiff's superiors told Plaintiff that Inmate Richardson was fired from his position with the kitchen, but Defendant allowed him to continue working in the kitchen with Plaintiff.

17. On or around November 21, 2020, Inmate Richardson held the office door shut, confronted Plaintiff in a hostile manner, and would not allow Plaintiff to leave. Inmate Richardson threw an empty bleach bottle toward Plaintiff, which hit Plaintiff in the head.

18. Plaintiff reported Inmate Richardson's actions to her superiors.

19. Defendant did not investigate the sexual assaults from Inmate Richardson when Plaintiff reported them.

20. In or around late November 2020, one of Plaintiff's superiors told Plaintiff that Inmate Richardson would be moved to a different shift, but Defendant allowed Inmate Richardson to work on Plaintiff's shift after that conversation.

21. In or around late November 2020, Plaintiff told her superiors that she was going to report the sexual harassment to the warden.

22. In response, Plaintiff's superiors discouraged Plaintiff from reporting the sexual harassment, spoke highly of Inmate Richardson, and threatened to have Plaintiff escorted from the building.

23. Upon information and belief, Plaintiff's superiors met with Inmate Richardson and informed him that Plaintiff reported that Inmate Richardson sexually assaulted Plaintiff.

24. Upon information and belief, Inmate Richardson then told SCDC that Plaintiff had consensual sex with him.

25. On or around December 16, 2020, Defendant falsely accused Plaintiff of staff sexual misconduct with an inmate and suspended Plaintiff.

26. One of Plaintiff's male superiors apologized to Plaintiff for not reporting Inmate Richardson when she first told him about the assaults and told Plaintiff that he did not report Inmate Richardson because of romantic feelings toward Plaintiff.

4

27. Plaintiff told the superior she was having suicidal ideations as a result of the false accusations against her.

28. The superior told Plaintiff that SCDC had knowledge of unwelcomed advances from Inmate Richardson toward female employees in the past through previous complaints.

29. On August 2, 2021, Defendant terminated Plaintiff's employment.

30. The reasons for Plaintiff's termination are false and pretextual.

31. Plaintiff did not engage in consensual sex with the inmate.

32. Plaintiff was sexually assaulted by Inmate Richardson.

## FOR A FIRST CAUSE OF ACTION
(Gender Discrimination in Violation of Title VII)

33. Plaintiff realleges the foregoing where consistent.

34. Plaintiff, a female, is a member of a protected class.

35. Plaintiff was subjected to severe and pervasive unwelcomed sexual harassment and assault from a male inmate who worked in Defendant SCDC's kitchen during her employment with Defendant.

36. Defendant knew or should have known of the sexual harassment and assault and took no effective remedial action.

37. Such unwanted sexual conduct created an intimidating and hostile work environment and was subjectively viewed by Plaintiff to be abusive.

38. Such treatment impacted tangible aspects of Plaintiff's compensation, terms, and conditions of employment.

39. The conduct was sufficiently severe or pervasive to alter the conditions of employment.

40. Moreover, Defendant treated Plaintiff disparately with respect to the terms and conditions of her employment in comparison to similarly-situated male employees by ignoring Plaintiff's

complaints, falsely accusing her based on a male inmate's false accusations, and terminating her based on the male inmate's false accusations.

41. Such disparate treatment was based on Plaintiff's gender.

42. The actions taken by Defendant violate Plaintiff's rights under Title VII of the Civil rights Act of 1964, as amended.

43. As a direct and proximate result of the violation of her civil rights under title VII by Defendant, Plaintiff has suffered, and Defendant is liable to Plaintiff for actual, dignitary, and emotional damages which are non-compensable under the south Carolina Worker's Compensation Act, including back pay, front pay, loss of benefits, prospective benefits, pain and suffering, emotional distress, and reputation harm, as well as the reasonable attorney fees and costs associated with this action. Plaintiff also seeks pre-judgment interest on all damages sought.

**FOR A SECOND CAUSE OF ACTON**
(Title VII Retaliation)

44. Plaintiff realleges the foregoing where consistent.

45. Plaintiff engaged in protected activity when she reported the sexual assault and discrimination to Defendant.

46. Defendant discouraged Plaintiff from reporting the sexual harassment, threatened Plaintiff, suspended Plaintiff, and ultimately terminated her employment because of Plaintiff's reports of discrimination and sexual assault.

47. Defendant is liable for its willful and wrongful retaliation against Plaintiff for the protected actions she took against unfair, egregious, and justifiably perceived sexual assault and discrimination.

48. As a direct and proximate result of Defendant's action, Plaintiff has suffered, and Defendant is liable to Plaintiff for actual, dignitary, and emotional damages which are non-

6

ELECTRONICALLY FILED - 2023 Mar 06 11:44 AM - LANCASTER - COMMON PLEAS - CASE#2023CP2900276

compensable under the south Carolina Worker's Compensation Act, including back pay, front pay, loss of benefits, prospective benefits, pain and suffering, emotional distress, and reputational harm, as well as the reasonable attorney fees and costs associated with this action. Plaintiff also seeks pre-judgment interest ton all damages sought.

FOR A THIRD CAUSE OF ACTION<br>(Wrongful Discharge)

49. Plaintiff realleges the foregoing where consistent.

50. Plaintiff reported prison rape pursuant to the Prison Rape Elimination Act of 2003, 34 U.S.C. 303, (PREA).

51. PREA prohibits retaliation for sexual abuse or sexual harassment and for cooperating with sexual abuse investigations.

52. Plaintiff was terminated in retaliation for reporting the prison rape.

53. Plaintiff was terminated in violation of PREA.

54. Defendant's actions amount to a wrongful discharge in violation of PREA and public policy.

55. As a direct and proximate result of the wrongful discharge, Plaintiff has suffered, and Defendant is liable to Plaintiff for actual, dignitary, and emotional damages which are non-compensable under the south Carolina Worker's Compensation Act, including back pay, front pay, loss of benefits, prospective benefits, pain and suffering, emotional distress, and reputational harm, as well as the reasonable attorney fees and costs associated with this action. Plaintiff also seeks pre-judgment interest on all damages sought.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant, in amounts equal to the sum of her actual damages, including embarrassment and suffering, in amounts to be determined

ELECTRONICALLY FILED - 2023 Mar 06 11:44 AM - LANCASTER - COMMON PLEAS - CASE#2023CP2900276

by a jury, together with an award of reasonable attorney's fees and costs of this action, and for any such other and further relief as this Honorable Court deems just and proper.

                                      **CROMER BABB PORTER & HICKS, LLC**

                                  BY: s/ Elizabeth M. Bowen
                                      Elizabeth M. Bowen (# 103337)
                                      1418 Laurel Street, Suite A
                                      Columbia, South Carolina 29201
                                      Phone  803-799-9530
                                      Fax      803-799-9533
                                      beth@cbphlaw.com

                                      ***Attorney for Plaintiff***

March 6, 2023
Columbia, South Carolina

## AFFIDAVIT OF SERVICE

**State of South Carolina**          **County of Lancaster**          **Common Pleas Court**

Case Number: 2023-CP-29-00276

Plaintiff:
**Jane Doe**

vs.

Defendant:
**South Carolina Department of Corrections**

For:
Cromer Babb Porter & Hicks, LLC
1418 Laurel St.
Suite A
Columbia, SC 29201

Received by Palmetto Legal Gophers, LLC to be served on **S.C. Department of Corrections c/o: Bryan Stirling, Director, 4444 Broad River Road, Columbia, SC 29221**.

I, Tammy Trevathan, being duly sworn, depose and say that on the **7th day of March, 2023 at 9:54 am**, I:

served a **GOVERNMENT AGENCY** by delivering a true copy of the **Letter, Summons, Complaint** to: **Marcie Lawrence** as **Authorized To Accept** for **S.C. Department of Corrections c/o: Bryan Stirling, Director**, and informed said person of the contents therein, in compliance with State Statutes.

**Description** of Person Served: Age: 38, Sex: F, Race/Skin Color: Caucasian, Height: 4'11", Weight: 160, Hair: Black, Glasses: Y

I certify that I am over the age of 18 and have no interest in the above action.

Subscribed and Sworn to before me on the 9th
day of March, 2023 by the affiant who is personally known to me.

_____
NOTARY PUBLIC
EXP. DATE _____

Ron Grossberg
Notary Public, South Carolina
My Commission Expires
March 3, 2030

_____
Tammy Trevathan

Palmetto Legal Gophers, LLC
www.palmettolegalgophers.com
PO Box 6108
Columbia, SC 29260
(803) 216-1621

Our Job Serial Number: LPW-2023000643

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2m



ELECTRONICALLY FILED - 2023 Mar 14 9:45 AM - LANCASTER - COMMON PLEAS - CASE#2023CP2900276

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF LANCASTER<br><br>Jane Doe,<br><br>      Plaintiff,<br><br>v.<br><br>South Carolina Department of Corrections,<br><br>      Defendants. | IN THE COURT OF COMMON PLEAS<br>SIXTH JUDICIAL CIRCUIT<br><br>Case No. 2023-CP-29-00276<br><br><br>**CERTIFICATE OF SERVICE** |

   This is to certify that the undersigned employee of Cromer Babb Porter & Hicks, LLC, did cause to have served on March 9, 2023, a copy of the Summons and Complaint, by First Class Mail, certified mail, return receipt requested, postage prepaid, to the following at the below indicated address:

***Certified Mail/Return Receipt Requested***   *Receipt #91 7199 9991 7037 2950 7033*
Hon. Alan Wilson
SC Attorney General
P.O. Box 11549
Columbia, SC 29211

                      */s/ Sarah L. Plouff*
                      Sarah L. Plouff, Litigation Paralegal

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

The Honorable Alan Wilson
SC Attorney General
P.O. Box 11549
Columbia, SC 29211

9590 9402 7290 2028 1760 17

2. Article Number (Transfer from service label)

91 7199 9991 7037 2950 7033

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *Stephani Kennedy*
☐ Agent
☐ Addressee

B. Received by (Printed Name): Stephanie Kennedy
C. Date of Delivery: 3/9/23

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery ($500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt